TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-307 |
| of | : | |
| | : | November 12, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY M. SUMMERS | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE DEPARTMENT OF BOATING AND WATERWAYS has requested an opinion on the following question:

Does the Department of Boating and Waterways have the authority to close navigable waters to recreational boaters during periods of emergency, such as flood conditions?

CONCLUSION

The Department of Boating and Waterways has the authority to close navigable waters to recreational boaters during periods of emergency, such as flood conditions, when such emergency rules and regulations are required to insure the safety of persons and property.

ANALYSIS

In January of 1997, the waters of the San Joaquin-Sacramento Delta flooded areas of the state that are normally protected by a system of levees. The question presented for resolution is whether the Department of Boating and Waterways ("Department") may close navigable waterways to recreational boaters during times of emergency. We conclude that it may.

Preliminarily, we must address whether, and under what conditions, the state may limit, restrict, or close "navigable waters." (Harb. & Nav. Code, § 36.) **Footnote No. 1** Only if the state has such authority will it be necessary to determine whether the Department may do so on behalf of the state. The state recognizes the paramount authority of the United States over navigable waters and applies its regulations to navigation on such waters only insofar as the regulations do not conflict with the admiralty and maritime jurisdiction and laws of the United States. (§ 240.)

A state may exercise its police powers in regulating the use of navigable waters within its borders in the absence of conflicting federal authority. (*Huron Portland Cement Co.* v. *City of Detroit* (1960)

362 U.S. 440; *Kelly* v. *Washington* (1937) 302 U.S. 1; *Escanaba Etc. Co.* v. *Chicago* (1882) 107 U.S. 678; *Gibbons* v. *Ogden* (1824) 9 U.S. (Wheat.) 1; *Atwood* v. *Hammond* (1935) 4 Cal.2d 31, 43-44; 45 Ops.Cal.Atty.Gen. 122 (1965).) The existence of the paramount power of the federal government does not destroy the "concurrent and subordinate power and authority of the state to regulate and control" navigable waters. (*People* v. *California Fish Co.* (1913) 166 Cal. 576, 600.)

While the state may regulate navigable waters insofar as federal law is concerned, the California Constitution places its own restrictions upon the state's control over navigable waters. Article X, section 4 of the Constitution guarantees members of the public a right of access to the navigable waters of the state. The state acquired title to the navigable waters in its territory upon its admission to the union (*Hardin* v. *Shedd* (1903) 190 U.S. 508, 519; *Pollard's Lessee* v. *Hagan* (1845) 44 U.S. (3 How.) 212, 229; 43 Ops.Cal.Atty.Gen. 291, 292 (1964)) and the navigable waterways are held in trust for the benefit of the people. This includes all waters navigable in fact. (*Illinois Central Railroad Co.* v. *Illinois* (1892) 146 U.S. 387; *State of California* v. *Superior Court (Lyon)* (1981) 29 Cal.3d 210, 226-232; *City of Berkeley* v. *Superior Court* (1980) 26 Cal.3d 515.)

The public's right to use navigable waterways includes their use for boating and recreation; indeed, waters capable of use for recreational boating are deemed navigable. (*People* ex rel. *Baker* v. *Mack* (1971) 19 Cal.App.3d 1040.) The public may use flood and overflow waters if they are navigable. (*Bohn* v. *Albertson* (1951) 107 Cal.App.2d 738.) The public's right to use navigable waters for boating and recreation is not only guaranteed by the Constitution, it is also guaranteed by the Legislature (Gov. Code, § 39933), and the right is inherent in the public trust under which the navigable waters are held. (See *Marks* v. *Whitney* (1971) 6 Cal.3d 251; *People* v. *California Fish Co.*, *supra*, 166 Cal. at 598-599; 79 Ops.Cal.Atty.Gen. 133, 135-146 (1996).)

The state may not "divest the people of the State of their rights in navigable waters of the state. . . ." (*People* v. *Gold Run D. & M. Co.* (1884) 66 Cal. 138.) We have previously determined that the Legislature may not prohibit the use of navigable flood waters for hunting, since the right of navigation includes the right to hunt from a boat. (68 Ops.Cal.Atty.Gen. 268 (1985).) As the Court of Appeal noted in *People* ex rel. *Younger* v. *County of El Dorado* (1979) 96 Cal.App.3d 403, 406, when considering the validity of a ban on river rafting:

"However laudable its purpose, the exercise of the police power may not extend to total prohibition of activity not otherwise unlawful. . . . Courts are especially sensitive to infringements upon constitutional rights under the exercise of police power. [Citation.] The public's right of access to navigable streams is a constitutional right. [Citations.]"

While these constitutional provisions, statutes, and cases compel us to give close scrutiny to any restriction or limitation on the public's right of access to navigable waters, they do not foreclose all regulation. For example, the public's navigation rights may be impaired in a specific instance if the purpose of the restriction is to promote the overall use of navigable waters. (*City of Berkeley* v. *Superior Court*, *supra*, 26 Cal.3d at 523-526; *People* v. *California Fish Co.*, *supra*, 166 Cal. at 598-599.) Moreover, when there are competing trust uses, the state may prefer one use over another. (*Carstens* v. *California Coastal Com.* (1986) 182 Cal.App.3d 277, 289 ["We find nothing in Article X, section 4, to preclude the [California Coastal] Commission from considering commerce as well as recreational and environmental needs in carrying out the public trust doctrine"].)

We believe that the governmental interests in addressing public safety during an emergency are significantly different from those involved in a permanent closure of a waterway, and so would be the infringement on the public's navigation rights. Emergency situations give rise to reasonable regulations in the interests of the safety and welfare of the people. (See 45 Ops.Cal.Atty.Gen., *supra,* at 128.) Here, a temporary closure of navigable waterways by the state to recreational boaters during an emergency may be

upheld to protect the boat owners, prevent damage to the levees, and assure access and safety for the vessels engaged in rescue and repair operations. (See *Martin* v. *Municipal Court* (1983) 148 Cal.App.3d 693, 697.) We conclude that the state may close navigable waterways to recreational boaters during an emergency.

We next consider whether the Department has been granted the authority to close navigable waterways to recreational boaters during times of emergency. Subdivision (c)(1) of section 660 provides:

> "Any entity, including but not limited to any county, city, port authority, district, or state agency, otherwise authorized by law to adopt measures governing the use and equipment, and matters relating thereto, of boats or vessels, may adopt emergency rules and regulations which are not in conflict with the general laws of the state relating to boats and vessels using any waters within the jurisdiction of the entity if those emergency rules and regulations are required to insure the safety of persons and property because of disaster or other public calamity."

The Department qualifies as a "state agency" for purposes of section 660, as well as "any entity." It is "authorized by law to adopt measures governing the use and equipment, and matters relating thereto, of boats and vessels." (§ 660, subd. (c)(1).) Section 655.3 authorizes the Department to issue regulations regarding "the use of vessels on the waters of this state," which it has done. (See Cal. Code Regs., tit. 14, §§ 6600-6697; see also § 651.5.) The Department is also "authorized by law to adopt measures governing the . . . equipment and matters relating thereto, of boats and vessels." (§ 660, subd. (c)(1).) Section 652 authorizes the Department to issue regulations concerning the installation, carrying, and using of equipment on boats and vessels, which it has done. (See Cal. Code Regs., tit. 14, §§ 6550-6576.) The only remaining requirements for the emergency regulations are that they be consistent with state law and adopted "to insure the safety of persons and property because of disaster or other public calamity." (§ 660, subd. (c)(1).) If these conditions are met, the Department is authorized by section 660 to close navigable waterways during periods of emergency.

Finally, we note that under the California Emergency Services Act (Gov. Code, §§ 8550-8668), the Governor may declare a state of emergency or local emergency to deal with "conditions of disaster or of extreme peril to the safety of persons and property," including flood conditions. (§ 8558, subds. (b), (c); see *Martin* v. *Municipal Court*, *supra*, 148 Cal.App.3d at 696-697.) The Office of Emergency Services is responsible for coordinating the activities of all state agencies, including the Department, in such emergency situations. (Gov. Code, § 8587.)

We conclude that the Department has the authority to close navigable waters to recreational boaters during periods of emergency, such as flood conditions, when such emergency rules and regulations are required to insure the safety of persons and property.

\* \* \* \* \*

**Footnote No. 1**
References hereafter to the Harbors and Navigation Code are by section number only.